UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 06-cr-00294-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WILLIAM C. CRABBE,
JAMES S. ROWAN,

      Defendant.

---

## OPINION AND ORDER DENYING MOTION FOR CLARIFICATION AND DENYING MOTION TO ENLARGE HEARING

---

**THIS MATTER** comes before the Court pursuant to Defendant Rowan's Motion for Clarification **(# 114)** and Defendants Joint Motion to Enlarge Rule 702 Hearing **(# 115)**.

On April 11, 2007, consistent with this Court's procedures governing Rule 702 hearings, the parties filed a Joint Motion Under Fed. R. Evid. 702 **(# 107)**, challenging the opinions to be expressed by the Government's proffered experts, Special Agent Robert Smith and Revenue Agent Jonathon Lynch. On April 12, 2007, the Court conducted a Motions Hearing **(# 108)**, where the Joint Rule 702 Motion was discussed. Observing that some of the proffered opinions might actually be ultimate conclusions of law, the Court encouraged the parties to confer further, but stated that, if the parties were unable to agree as to whether the statements were expert opinions of conclusions of law, the Court would determine the matter upon motion. The Court also set an evidentiary hearing on the parties' Joint Rule 702 Motion for June 15, 2007.

On April 23, 2007, Defendant Crabbe filed a Motion for Determination of Expert

Opinions.[1] In that motion, Defendant Crabbe contended that "each of the remaining proffered expert opinions . . . are more kindred to Government theories of its case, facts to be determined by the jury or questions of law to be determined by the Court." Defendant Crabbe then recited the opinions in question, and, without further discussion or analysis, simply requested that the Court "determined that each of the foregoing are not expert opinions."

On May 8, 2007, the Court denied **(# 113)** Defendant Crabbe's Motion on several grounds: (i) that there was no preexisting order of the Court warranting clarification; (ii) that Defendant Crabbe had not identified the applicable grounds upon which he believed that the proffered "opinions" were inadmissible; and (iii) that Defendant Crabbe had offered no meaningful analysis as to how the proffered opinions ran afoul of the applicable rules of evidence.

**Defendant Rowan's Motion for Clarification**

On April 22, 2007, Defendant Rowan filed the instant Motion for Clarification **(# 114)**, stating in its introduction that Defendant Rowan was requesting "clarification of the June 15, 2007 hearing." The first substantive paragraph of the motion recited the procedural background of the Defendant Rowan's prior Motion to Preclude **(# 68)** the Government's experts' testimony, and the second substantive paragraph stated Defendant Rowan's objection to that opinion testimony and requested that the Court conduct a Rule 702 hearing on June 15, 2007. The

---

[1] In a footnote to the instant Motion to Enlarge Rule 702 Hearing, the Defendants state that "for reasons unknown," the Court described this motion in its ensuing order as "Defendant Crabbe's Motion for Clarification re: Determination of Expert Opinions," and that Defendant Crabbe had no intention to seek "clarification." This motion, docketed by counsel, is denominated at Docket # 110 as "MOTION for Clarification re: Determination of Expert Opinions by William C. Crabbe. (Attachments: # 1 Proposed Order (PDF Only) Re: Defendant Crabbe's Motion for Determination of Expert Opinions)(Anderson, Steven) (Entered: 04/23/2007)." The event type for an entry (here, "MOTION for Clarification") was selected by the individual filing the document (here, Mr. Anderson).

remainder of the motion elaborates somewhat on the basis for Defendant Rowan's grounds for opposing the Government's experts' opinion, and in his prayer for relief, requests that the Court "hold the hearing set for June 15, 2007 to determine the admissibility of these four government expert opinions."

The Court candidly admits that it is unable to determine the purpose of Defendant Rowan's motion. Defendant Rowan was one of the parties submitting the Joint Rule 702 Motion, which encompasses all of the opinions proffered by the Government, and which the Court has already set for a hearing on June 15, 2007. It is not clear whether Defendant Rowan's current Motion for Clarification is intended to supplement the parties' Joint Rule 702 Motion, to supplant Defendant Rowan's participation in the Joint Motion in whole or part, whether it is an attempt to raise issues that Defendant Rowan previously raised as part of the Joint Motion, or whether it is intended to serve some other unknown purpose. Thus, Defendant Rowan's Motion for Clarification **(#114)** is **DENIED**.

### Defendants' Joint Motion to Enlarge Rule 702 Hearing

The Defendants jointly move **(# 115)**, albeit over the objection of the Government, to extend the time set aside for the Rule 702 hearing from three to five hours. The justification for this request is that the Defendants had originally requested a full day for hearing, and that the Court set a shortened hearing in anticipation that the parties would be able to narrow the scope of their disagreement through discussion. Because the parties' disputes remain unchanged, a longer hearing is necessary.

Before turning to the merits of this motion, the Court elaborates somewhat on its earlier ruling denying Defendant Crabbe's Motion for Determination of Expert Opinions, and upon the scope and purpose of the 702 Hearing. Rule 702 of the Federal Rules of Evidence sets out the

foundational requirements for admission of an expert opinion. The purpose of the Court's Rule 702 procedure is to quickly and efficiently adjudicate the foundational challenges arising from the particular grounds specified in Rule 702 (*i.e.* that the witness is qualified to render an opinion, that the opinion is based on sufficient facts and data, that the opinion is the result of the application of reliable principles or methods, and that the witness has reliably applied the principles and methods to the facts). The procedure has been custom-designed to isolate and focus solely on the foundational objections cognizable under Rule 702 and to resolve them by presentation of evidence. The procedure does not address a host of other issues that may ultimately affect the presentation of the opinion at trial.

The 702 Hearing concerns expert opinions, not statements by experts as percipient witnesses, nor statements in expert reports regarding the methodology used, the assumptions or facts relied upon, or the analysis performed. The 702 Hearing is <u>not</u> intended to address the weight or persuasiveness of a proffered opinion, nor the accuracy of facts or assumptions upon which an opinion is based. These issues are more appropriately addressed at trial. Similarly, the 702 Hearing is <u>not</u> intended to address general grounds for exclusion of evidence such as lack of relevance, failure to timely disclose, etc., nor is it an opportunity to argue whether a particular opinion is actually a conclusion of law. These latter issues are more appropriately presented by motion and briefing.

Given the nature and limited scope of the 702 Hearing, the Defendants' non-evidentiary objections that some or all of the Government's proffered opinions are not "opinions" at all, but

rather statements of fact[2], statements of methodology, or ultimate conclusions[3] will not be the subject of the currently scheduled Rule 702 hearing. The parties are in the best position to assess whether a statement by an expert is made as a percipient witness, an assumption, a statement of methodology or reasoning, or potentially an ultimate conclusion subject to FRE 704. These determinations should be made prior to the 702 Hearing, and then raised in a motion *in limine* that specifies the testimony sought to be excluded, identifies the particular rule(s) of evidence that compel its exclusion, and explains the party's position as to why the testimony is inadmissible. (Putting aside any procedural confusion, Defendant Crabbe's Motion for Determination of Expert Opinions was denied in large part because it failed to specify why Defendant Crabbe believed the Government's proffered testimony did not constitute statements of opinion and, if that were the case, why the Federal Rules of Evidence compelled the exclusion of that testimony.)

Accordingly, the Court denies the Defendants' Motion to Enlarge the scheduled Rule 702 hearing. At this point, it is unclear how many of the proffered opinions will require consideration under the Rule 702 procedure, and the extent to which evidence is necessary to resolve the foundational 702 objections. To the extent that the allotted time expires before the parties have had a full and fair opportunity to address the particular Rule 702 issues posed by the testimony,

---

[2] For example, Opinion # 4 – that "Columbine withheld but failed to pay over to the IRS social security taxes, Medicare taxes, and income taxes for a large majority of Columbine employees" – appears to be largely a statement of fact.

[3] Opinions 2-5 and 10-11, although arguably statements of opinion, are essentially conclusions as to the ultimate issue on elements the Government must prove. Although Fed. R. Evid. 704(a) does not preclude such testimony simply because it addresses the ultimate issue, it may still be excluded if it usurps the function of the jury in deciding the facts, or if it interferes with the function of the Court in instructing the jury on the law. *See U.S. v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005).

the Court will entertain a motion at the end of the hearing to continue the hearing for further presentation of evidence. At the same time, the Court does not intend to consume the time set aside for the hearing for non-evidentiary issues. Thus, the Defendants' Joint Motion to Enlarge the scheduled hearing is **DENIED** without prejudice.

Dated this 11th day of June, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge